

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

EMANUEL TER-OGANNISIAN,

Petitioner,

v.

WARDEN OF OTAY MESA
DETENTION CENTER,

Respondents.

Case No.:  26cv0124 DMS JLB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Traverse.  For the following reasons, the Petition is granted.

Petitioner is a native of Armenia and a dual citizen of Armenia and Russia.  (Return at 1.)  On October 24, 2024, he applied for admission to the United States at a port of entry. (Return, Ex. A.)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody. (Return, Exs. A, B.)  Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to Appear, which initiated full removal proceedings.  (Return, Ex. C.)  On December 29, 2025, an immigration judge issued a decision on Petitioner's case, denying his applications for

26cv0124 DMS JLB

asylum and withholding of removal to Armenia, granting his application for withholding of removal to Russia, and ordering Petitioner removed to Armenia, or in the alternative, to Russia. (Return, Ex. D.) Petitioner appealed that decision, (*see* ECF No. 7), and his case is currently pending before the Board of Immigration Appeals.

On January 9, 2026, Petitioner filed the present case alleging three claims.[1] First, Petitioner alleges his continued detention without a bond hearing violates his due process rights. Second, Petitioner argues his continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there is no significant likelihood he will be removed in the reasonably foreseeable future. Third, Petitioner asserts his continued detention violates the Administrative Procedure Act ("APA"). Respondent argues the Court lacks jurisdiction to consider Petitioner's claims, Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and Petitioner's detention is not unconstitutionally prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case. *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6. In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights. *See De la Torre Duran*, ECF No. 11. Applying those factors to the present case results in the same conclusion.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order.

---

[1] Petitioner also raises a conditions of confinement claim, (Pet. at 8), which is not cognizable on habeas. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'") Accordingly, the Court does not address that claim further.

26cv0124 DMS JLB

The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

**IT IS SO ORDERED.**

Dated:  March 20, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0124 DMS JLB